IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PHILLIP O'BRIANT, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-18-855 |
| ROSEMARIE RHODES,<br>PAMELA G. LICHTENBERG, Intake Supervisor,<br>SINNDY CANOTE, Investigator,<br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | *<br><br>*<br><br>* | |
| Defendants | * | |

____FILED  ____ENTERED
____LODGED ____RECEIVED

MAR 3 0 2018

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

## MEMORANDUM

### Background

Phillip O'Briant, a resident of Baltimore, Maryland, alleges violation of his civil rights, including his rights under the First, Fifth, and Fourteenth Amendments. He seeks compensatory damages from Defendants Rhodes, Lichtenberg and Canote in their official capacities as employees of the EEOC, on the grounds that while acting "under the color of federal authority, [they] failed to properly process and investigate" his employment discrimination complaint against "employer Consolidated Container Company" on September 21, 2014, resulting in dismissal of his employment discrimination claim on January 5, 2015. ECF No. 1, p. 6. O'Briant does not specify the basis for his First Amendment claim, but simply states he has a right of "free speech to complain." ECF No. 1, p. 4. In an attachment to the Complaint, O'Briant states that he "exercised his free speech to complain about employment discrimination," that the "EEOC has the responsibility to receive and investigate" such

complaints, and that his First Amendment rights were violated due to Defendants' failure to investigate. ECF No. 1-1, p. 4. O'Briant provides no documents related to his EEOC action.[1]

---

[1] O'Briant is no stranger to this Court. He previously sought relief against Atlas Container Corporation based on his termination from employment on February 2, 2016. *See O'Briant v. Atlas Container Corp.*, Civil Action No. JFM-16-2616 (D. Md.) ("*O'Briant I*") and *O'Briant v. Rhodes, et al.*, Civil Action No. JFM-17-1050 (D. Md.) ("*O'Briant II*"). In the first action, O'Briant did not file a Title VII claim with the EEOC, a prerequisite to filing an action in federal court. *Id.* Because O'Briant had sufficient time to file an EEOC claim, his complaint was dismissed without prejudice on September 7, 2016.

In *O'Briant II*, O'Briant documented that following the September 7, 2016 dismissal in *O'Briant I*, he promptly filed an EEOC complaint against Atlas Container, but when he called to inquire about the status of the EEOC matter, he was treated with hostility by a staff member and his EEOC complaint was dismissed the same day, on the basis that the investigation could not conclude that federal employment statutes were violated. The September 28, 2016 dismissal contained a written Notice of Suit Rights informing O'Briant that he had 90 days to file a federal lawsuit based on his claim of race-based employment discrimination. O'Briant did not pursue his employment discrimination claim against his former employer in this Court, but instead expressed his dissatisfaction with the outcome of his EEOC complaint and actions of agency employees with whom he interacted in an October 6, 2016, email to an agency official. His request for "any and all information regarding the investigation," was ignored, triggering an email complaint that agency personnel had denied him an equal opportunity to exercise his rights in the complaint process and had acted improperly during the September 28, 2016 phone call. Although notified that his request for reconsideration did not stop the 90-day deadline for filing a federal lawsuit, O'Briant did not bring a timely employment discrimination action in this Court. Instead, he initiated a civil rights action complaining that an agency employee "intentionally disregarded my request to appeal the dismissal of my complaint and showed no respect for the law," that another employee failed to investigate his complaint, and none of the agency employees informed him of his rights and responsibilities in the EEOC process, thereby depriving him of "life and liberty, without due process of law and the equal protection of the laws" under the Fourteenth Amendment. O'Briant sought declaratory judgment that his due process rights were intentionally violated; a permanent injunction against defendants prohibiting unequal practices against aggrieved persons in the EEOC complaint process; an order requiring defendants to inform aggrieved persons of their rights in the beginning of the EEOC complaint process, when there is reason to believe a violation of the law was committed; an order requiring defendants to initiate and implement systems to ensure that black employees, male or female, be treated in a non-discriminatory manner; and compensatory and punitive damages in an amount not less than $75,000.00. *Id.* at p. 11. The action was dismissed on April 24, 2017, for lack of jurisdiction.

**Complaint Allegations**

O'Briant filed his EEOC complaint against Consolidated Container on September 21, 2014, alleging the company discriminated against him in the hiring process. ECF No. 1-1, p. 1. O'Briant received notice from Intake Supervisor Lichtenberg on September 26, 2014, informing him that his complaint had been received and assigned for completion of the intake process, and that if found eligible, a draft charge against the company would be prepared. *Id.* O'Briant states that EEOC Investigator Canote telephoned him on December 3, 2014, asking why he failed to respond to Consolidated Container's request that he take an employment test on October 10, 2014. At that time, he informed Canote that because the test was offered after he filed his EEOC complaint, he "wanted the investigation process to be completed before making any decisions." ECF No. 1-1, p. 2. He next received a letter from Canote on January 5, 2015, notifying him that the investigation was terminated because he failed to respond to Consolidated Container's invitation to take a test on October 10, 2014.[2] ECF No. 1-1, p. 2. O'Briant then waited more than three years before bringing the instant lawsuit concerning the agency's decision to decline to draft charges against Consolidated Container.

**Standard of Review**

O'Briant seeks leave to proceed in forma pauperis. ECF 2. Under 28 U.S.C. § 1915(a)(1), an indigent litigant may commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a district court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S.

---

[2] Although O'Briant does not elaborate, it appears a draft charge against the prospective employer, Consolidated Container, was not prepared.

89, 94 (2007).

In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations .... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989). The Court will grant O'Briant's motion for in forma pauperis status. Nonetheless, for reasons noted herein, his Complaint cannot proceed.

## Analysis

Federal courts "may not exercise jurisdiction absent a statutory basis," *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005), and "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). A court is to presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper. *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008), citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Title VII of the Civil Rights Act of 1964 does not confer federal jurisdiction over suits against the EEOC when the plaintiff alleges discrimination by third parties. *See* 42 U.S.C. §§ 2000e-2000e-17 (2012); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997)

(Title VII does not rise to a cause of action against the EEOC "for claims that the EEOC failed to properly investigate or process an employment discrimination charge"). Thus, Title VII does not provide this court with jurisdiction over O'Briant's claims.

O'Briant couches his civil rights allegations against Defendants as due process and equal protection violations. Such violations arise under the Fifth and Fourteenth Amendments to the United States Constitution. While this Court may have jurisdiction to hear such claims, *see Mitchell v. Equal Emp't Opportunity Comm'n*, 888 F.Supp. 710, 711-13 (E.D. Pa. 1995), due process does not furnish a basis for jurisdiction based on the allegations presented here. "An agency's less than useful attempts to bestow a benefit provided by Congress" does not arise to a violation of due process under the Fifth or Fourteenth Amendments. *See Francis-Sobel v. Univ. of Me.*, 597 F.2d 15, 17 (1st Cir. 1979) (disposing of a complaint against the EEOC on a Rule 12(b)(6) motion). Because an EEOC determination is appealable to the U.S. District Court, a plaintiff whose claim the EEOC denied still has a vital federal remedy. *See Georator Corp. v. Equal Emp't Opportunity Comm'n*, 592 F.2d 765, 769 (4th Cir. 1979) ("When the preliminary determination is without legal effect in and of itself, due process will be satisfied if there is an opportunity to be heard before any final order of the agency becomes effective."); *Connor v. U.S. Equal Emp't Opportunity Comm'n*, 736 F.Supp. 570, 573 (D. N.J. 1990) (same); *Mitchell*, 888 F.Supp. at 713 (same). Thus, an EEOC denial cannot amount to a deprivation of due process, and a complaint characterized as such fails to state a claim.

O'Briant's First Amendment claim fares no better; O'Briant admits that he was informed that his EEOC complaint had been received by the agency and he was notified that it would not be investigated. Nothing suggests that O'Briant's "right to free speech to complain about employment discrimination" (ECF No. 1-1, p. 6) was impeded by that determination. Further,

O'Briant does not allege that the EEOC treated his claim differently than similarly situated individuals in violation of his right to equal protection. *See Mitchell*, 888 F.Supp. at 713 (dismissing equal protection claim where plaintiff failed to allege that EEOC treated his claim any differently than it treats those of other similarly situated complainants) (citation omitted).

O'Briant has failed to state a claim upon which relief can be granted and is subject to summary dismissal. A separate order shall be entered in accordance with this opinion.

Date: *MARCH 29, 2018*                                  /s/ Richard D. Bennett
                                                        RICHARD D. BENNETT
                                                        UNITED STATES DISTRICT JUDGE